JOHN D. OSINGA, District Attorney Portage County
You request my opinion whether a person elected to the office of county supervisor in Portage County at the 1984 Spring election *Page 161 
and who thereafter qualified, in late April or early May of 1984, vacated his office by moving from the supervisory district from which he was elected in the Fall of 1984 even though he continued to be a resident of Portage County.
I am of the opinion that he did vacate such office. It is my opinion, however, that he continues to serve in a de facto status until his successor has been appointed and qualifies. State exrel. Reynolds v. Smith, 22 Wis.2d 516, 522, 126 N.W.2d 215
(1964).
In 60 Op. Att'y Gen. 55 (1971), it was stated that a county board supervisor did not vacate his or her office by moving from the district from which elected if he or she continues to reside in the county. The opinion did not cite, but did follow the holding in State ex rel. Gill, Att'y Gen'l v. The Supervisors ofMilwaukee County, 21 Wis. 449 (1867). In 1971, section 59.03
(2)(d), Stats., provided that a candidate must be a qualified elector and resident of his or her supervisory district and section 59.03 (2)(e) provided that in the case of a vacancy the person to be appointed must be a qualified elector and resident of the supervisory district. No specific statute provided that a person who ceased to be a resident of the district vacated the office. It was stated that section 17.03 (4) was not applicable, since as a county officer he or she did not cease to be a resident of the county. The opinion noted "that see. 17.03 (4), Stats., uses the phrase `for which he was elected' rather than `from which he was elected.'" 60 Op. Att'y Gen. at 56.
Chapters 427 and 447, Laws of 1977, created section 59.125 to provide: "No person is eligible to become a candidate for county elective office who is not a resident of the county at the time of filing nomination papers. In addition, candidates for county supervisor to which s. 59.03 (3)(d) applies shall be qualified as provided in that paragraph." At that time section 59.03 (3)(d) required that "[a] candidate for the office of supervisor shall be a qualified elector and resident of his or her supervisory district at least 10 days prior to the earliest time for the commencement of the circulation of nomination papers."
Section 149 of 1983 Wisconsin Act 484 amended section 59.03
(3)(d) by deleting the sentence quoted above. Section 154 of the same Act changed the language in section 59.125 from eligibility"to become a candidate" to eligibility "to hold the office of county supervisor" in providing: *Page 162 
 Eligibility for county office. No person is eligible to [become a candidate for]* hold a county elective office who is not a resident of the county [at the time of filing nomination papers. In addition, candidates for.]*
No person is eligible to hold the office of county supervisor [to which s. 59.03 (3)(d) applies shall be qualified as provided in that paragraph]* who is not a resident of the supervisory district from which he or she is chosen. No person is eligible to hold the office of district attorney who is not licensed to practice law in this state.
The change in language also established that the Legislature intended that although a county supervisor was a county officer, such officer was elected from and for a specific district. The change also required a county supervisor to continue to be a resident of the supervisory district for which he or she was elected during the entire term.
Section 175 (2) of 1983 Wisconsin Act 484 contained a specific provision as to the initial applicability of such portions of the Act. As presented to the Governor, it contained a provision postponing the effective date of altered section 59.125 to June 1, 1985. Such provision for postponement was vetoed by the Governor.
 Any county supervisor holding office on the effective date of his act specified in Section 176 (1) who is not a resident of the supervisory district from which he or she is chosen vacates his or her office on the 30th day commencing after the effective date of this act. [The effective date of this section shall be June 1, 1985.]*
Section 175 (2) of 1983 Wisconsin Act 484.
Section 176 (1) of 1983 Wisconsin Act 484 provided that, except for sections not material here, the Act took effect on June 1, 1984. Therefore, section 59.125, as amended, became effective June 1, 1984.
In enacting the thirty-day grace period provision, the Legislature may have been responding to the rule that if an officer who is eligible at the time of his or her election becomes ineligible under some legal or constitutional provision during his or her term, such officer should be allowed a reasonable time in which to remove the ineligibility before the office can be deemed vacant. State ex rel. Postel v. Marcus,160 Wis. 354, 152 N.W. 419 (1915). *Page 163 
It is my opinion that the veto by the Governor effectively removed the words shown above as deleted by dash marks even though the written objections submitted by such officer made reference to "a prohibition on convicted felons being placed on a ballot," and section 175 (2) does not appear to be concerned with convicted felons in any degree. By reason of the special provision in section 175 (2) quoted above, county board supervisors not residing in their district on June 1, 1984, were granted a thirty-day grace period to move back into the district from which they were elected. Any such supervisor who failed to reestablish such residency within the thirty-day period would vacate such office by reason of section 59.125 and the special provision quoted above.
Any supervisor who moved from the supervisory district from which elected after June 1, 1984, would vacate his or her office by reason of sections 17.03 (4) and (13) and 59.125. Section17.03 (4) and (13) provides:
 Vacancies, how caused. Any public office is deemed vacant upon the happening of any of the following events, except as otherwise provided:
. . . .
 (4) His or her ceasing to be an inhabitant of this state . . . or if the office is local, his or her ceasing to be an inhabitant of the district, county, city, village, town, aldermanic district or school district for which he or she was elected or within which the duties of his or her office are required to be discharged. . . .
. . . .
 (13) On the happening of any other event which is declared by any special provision of law to create a vacancy.
The Legislature has the power to establish eligibility requirements for those public offices not created or regulated by the Wisconsin Constitution. State ex rel. Buell v. Frear,146 Wis. 291, 299, 131 N.W.2d 832 (1911). The office of county supervisor is one such public office. As a statutorily-created office, the office of county supervisor can be altered legislatively as to term, eligibility to hold office and duties. without regard to any rights an incumbent might *Page 164 
have. The State and De Guenther v. Douglas, 26 Wis. 428 (1870);State ex rel. Williams v. Samuelson, 131 Wis. 499, 111 N.W. 712
(1907). Also, since the constitution does not set forth the cases in which the office of county supervisor is deemed vacant, the Legislature can and has acted to so provide in section 17.03 (4) and (13), promulgated under authority of article XIII, section 10
of the Wisconsin Constitution. This section provides: "The legislature may declare the cases in which any office shall be deemed vacant, and also the manner of filling the vacancy, where no provision is made for that purpose in this constitution."
When it is established that a county board supervisor has moved out of the supervisory district from and for which he or she was elected, the county board chairperson, with board approval, can act to fill the office of supervisor pursuant to section 59.03
(3)(e). In my opinion, an appointing authority has a duty to act to fill a vacancy within a reasonable time where circumstances indicate that a vacancy does exist. See section 17.03 as to other events which cause a vacancy. In some situations a formal resignation may be voluntarily tendered by a person who is not certain as to whether he or she has vacated an office. Section17.16 (10) provides that "[a] person lawfully removed from office shall be ineligible to appointment or election to fill the vacancy caused by such removal." Under the facts stated in your letter, the supervisor would not be ineligible for appointment to fill the vacancy if he regained eligibility by returning to reside in the district since no formal removal proceedings have taken place under section 17.16.
BCL: RJV
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]